# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Civil Action No. 2:24-cv-02029-TLP-tmp |
| Plaintiff, | |
| v. | |
| PATRIOT BANK, | |
| Defendant. | |

## JOINT MOTION TO SET ASIDE JUDGMENT AND TO ADMINISTRATIVELY CLOSE THE CASE

Plaintiff United States and Defendant Patriot Bank (the "Parties") jointly move this Court to set aside the judgment filed August 27, 2024 (ECF No. 12), under Federal Rules of Civil Procedure Rule 59(e) or Rule 60(b), and to administratively close the case while retaining jurisdiction pursuant to the Consent Order entered by the Court (ECF No. 11).

### I.   Background

On January 17, 2024, the United States filed a Complaint against Patriot Bank. (ECF No. 1). The Parties also jointly moved to enter a proposed Consent Order to resolve the United States' claims. (ECF No. 2). On January 30, 2024, the Court entered the Consent Order stating that "Patriot's compliance with the terms of the Order shall fully and finally resolve all claims of the United States" (ECF No. 11 ¶ 63) and that the Court will retain jurisdiction over this action to enforce the requirements of this Consent Order (*id.* ¶ 65). The term of the Consent Order, unless modified as permitted by its provisions, is three years from the date of entry of the Order. *Id.* ¶ 51. Thus, the Consent Order period expires on January 30, 2027. *Id.*

Since the Court entered the Consent Order, the Parties have been working cooperatively

1

to comply with its provisions. As of today, about two years and four months remain in the Consent Order term, and the Parties are continuing to work cooperatively to comply with the provisions of the Order.

On August 27, 2024, the Court entered a judgment dismissing the action. (ECF No. 12). On September 4, 2024, the Parties sought clarification from the Court in light of the Consent Order's provision that the Court is retaining jurisdiction for the full term of the Consent Order. On September 16, 2024, the Court held a Status Conference to discuss the Parties' request. At the Status Conference, the parties jointly suggested that the Court enter an order administratively closing the case while retaining jurisdiction pursuant to the Consent Order, and the Court directed the "parties to file a motion to set aside the judgment and to administratively close the case." (ECF No. 14).

The Parties now respectfully move this Court to set aside the judgment until the expiration of the Consent Order term and to administratively close the case.

**II.** **Argument**

The Court may set aside a judgment under Federal Rules of Civil Procedure 59(e) or 60(b). Under Rule 59(e), a court has discretion to alter or amend a judgment to prevent manifest injustice if the motion is filed within twenty-eight days of the entry of judgment. *See also*, *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) (enumerating grounds for granting motion to amend or alter judgment including manifest injustice). Rule 59(e) "enables a party to request that a district court reconsider a just-issued judgment." *Banister v. Davis*, 590 U.S. 504, 507 (2020).

Alternatively, under Rule 60(b), a court has the discretion to relieve a party from a final judgment on multiple grounds, upon a motion within reasonable time and on just terms,

including: "(1) mistake, inadvertence, surprise, or excusable neglect; . . . (5) . . . or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." The fifth ground for relief cited above relates to a court's authority to monitor and modify its own consent orders. *See* Wright & Miller, 11 Fed. Prac. & Proc. Civ. § 2863 (3d ed.) ("The final ground [of Rule 60(b)(5) is] . . . based on the historic power of a court of equity to modify its decree in the light of changed circumstances."); *cf. United States v. Swift & Co.*, 286 U.S. 106, 114-115 (1932) (finding that courts have the power to modify consent decrees if revision is required to adapt to future events).

The Parties did not delay in their request for relief and move this Court within the twenty-two days of entry of the judgment.

Finally, the Parties both assert they would not be prejudiced by setting aside of the judgment and administratively closing the case while retaining jurisdiction pursuant to the Consent Order entered in this matter (ECF No. 11).

### III.    Conclusion

Therefore, the Parties now jointly request that this Court set aside the judgment, and reinstate the case to the docket for administrative closure while retaining jurisdiction until the Consent Order has expired.

Respectfully submitted,                                   Dated: September 18, 2024

**For the United States of America:**

KEVIN G. RITZ                                             KRISTEN CLARKE
United States Attorney                                    Assistant Attorney General
Western District of Tennessee                             Civil Rights Division

                                                          CARRIE PAGNUCCO
                                                          Chief

3

| | |
|---|---|
| */s/Sarah Pazar Williams* | */s/Tamica H. Daniel (permission via email 9/18/24)* |
| SARAH PAZAR WILLIAMS (TN 031261) | TAMICA H. DANIEL |
| Assistant United States Attorney | Deputy Chief |
| United States Attorney's Office | JENNA A. RADEN (DC Bar No. 1724701) |
| Western District of Tennessee | Trial Attorney |
| 167 North Main Street, Suite 800 | Housing & Civil Enforcement Section |
| Memphis, TN 38103 | Civil Rights Division |
| Phone: (901) 544-4231 | U.S. Department of Justice |
| Fax: (901) 544-4230 | 150 M Street, NE |
| sarah.williams2@usdoj.gov | Washington, DC 20530 |
| | Phone: (202) 305-5452 |
| | Jenna.Raden@usdoj.gov |

**For Patriot Bank:**

*/s/ Olivia Kelman (permission via email 9/18/24)*
OLIVIA KELMAN (*pro hac vice*)
Mitchell Sandler
1120 20th Street, NW, Suite 725
Washington, DC 20036
Phone: 202-240-7126
okelman@mitchellsandler.com